UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CULVER A. BARR, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>WEST BATH DISTRICT COURT )<br>AND JUDGE JOSEPH FIELD, )<br>)<br>DEFENDANTS ) | CIVIL NO. 09-372-P-H |

**MEMORANDUM DECISION AND ORDER ON
THE DEFENDANTS' MOTION TO DISMISS**

On August 17, 2009, Culver A. Barr filed a Complaint with this court and a Motion for Leave to Proceed In Forma Pauperis (Docket Items 1 & 3). The next day Magistrate Judge Kravchuk provisionally granted the plaintiff's motion stating that Barr:

> has until September 8, 2009, to file an amended complaint that states a cognizable federal claim against an individual person or an appropriate state entity. If Barr claims someone or some entity has violated his federal constitutional rights (independent from his dissatisfaction with the final judgment of the highest court of the state, which according to electronic records was entered via Memorandum of Decision on April 28, 2009, Decision No. Mem 09-73), he needs to explain the factual basis of his claim. Failure to file an amended complaint that properly states a claim could result in this court's summary dismissal of his complaint.

Docket Entry Order of August 18, 2009. The plaintiff filed an Amended Complaint on September 8, 2009. Like the original Complaint, however, the

Amended Complaint does not provide any legal or a factual basis for a lawsuit and does not state any claim for relief.

Mr. Barr has sued the State of Maine's West Bath District Court and Judge Joseph Field of that Court. What can be determined from the Amended Complaint is that Mr. Barr is unhappy with a ruling by Maine District Court Judge Field that affects his access to the "Barr Family residence," with the appellate review of the decision by the Maine Law Court, and perhaps with a criminal charge brought against Mr. Barr. Amended Complaint (Docket Item 6). The defendants assume that this federal lawsuit is based on 42 U.S.C. § 1983 and move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on numerous grounds: (1) the complaint is "indecipherable" and fails to meet the requirements of Rule 8(a); (2) claims against both defendants are barred by collateral estoppel; (3) West Bath District Court is not a "person" for purposes of § 1983; (4) claims for damages against Judge Field are barred by judicial immunity; (5) claims against West Bath District Court are barred by sovereign immunity; and (6) abstention. Mot. to Dismiss of Defs.' West Bath District Court and Judge Joseph Field (Docket Item 9). If the basis for the claims in the Amended Complaint is in fact § 1983, the arguments the defendants have asserted on the merits are justifiable bases for dismissing the claims against the defendants. In applying that legal analysis, however, I would be guessing and speculating about the factual and legal basis for the plaintiff's claims. The Amended Complaint simply does not meet the pleading requirements of Rule 8(a) to permit me to know what is the legal basis for the plaintiff's claims.

2

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A defendant may base such a motion on either or both of two grounds:  (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim. Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1]  Such a statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharm., Inc. v. Broudo, 544 U.S. 336 (2005) (holding that the complaint failed to meet this test) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The purpose of this rule is to "facilitate a proper decision on the merits."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Conley, 355 U.S. at 48)).  A complaint that fails to comply with this rule presents a severe burden in terms of the defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the plaintiff's claims.

---

[1] Federal Rule of Civil Procedure 8(a) provides that:
    (a) Claim for Relief. A pleading that states a claim for relief must contain:
        (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
Fed. R. Civ. P. 8(a).

The plaintiff's conclusory assertion of an undefined constitutional violation without any facts will not do.  That is true under the traditional test of Conley v. Gibson, 355 U.S. 41 (1957).  It is also true under the more recent cases of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In Iqbal, the Supreme Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Iqbal, 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Twombly, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

Given his pro se status, Magistrate Judge Kravchuk gave Barr another opportunity to file a complaint that satisfied the pleading requirements.  Mr. Barr has failed to do that.

Accordingly, the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF DECEMBER, 2009**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**